# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **FIRST NATIONAL OF NEBRASKA, INC.,** ) | |
| **FIRST NATIONAL BANK OF OMAHA,** ) | |
| ) | **8:06CV504** |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **JOHN DOES 1-5 d/b/a** ) | |
| **HTTP://67.88.133.41/PRIVATE/FIRSTNATIONAL,** ) | |
| **http://petricajupanu6.com, and** ) | |
| **http://milzbarosanu5.com/** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the court on the *Ex Parte* Motion for Leave to Conduct Immediate Discovery (Filing No. 4) filed by Plaintiffs First National of Nebraska, Inc. (FNNI) and First National Bank of Omaha (FNBO). The plaintiffs seek waiver of the Fed. R. Civ. P. 26(d) requirement that the parties meet and confer prior to commencing discovery, and to serve discovery requests on certain non-parties for the limited purpose of (1) identifying and locating the Doe Defendants presently named in this action and (2) identifying what, if any, information the Doe Defendants may have obtained from FNBO customers in a "phishing" scam which is the subject of the Complaint. Plaintiffs state that, without discovery from third parties such as the various Internet service providers (ISP's) utilized by the Doe Defendants, they will not be able to pursue this lawsuit or notify affected FNBO customers.

The court has reviewed the Complaint, the Motion for Leave to Conduct Immediate Discovery, and the supporting Brief and exhibits, including the affidavits of Terrence Maher and Jeff Weeks. Being duly advised, the court finds and concludes that, under the circumstances, permitting limited discovery from third parties to identify the Doe Defendants, as well as that information they may have obtained through their "phishing" scam, is reasonable and supported by good cause. ***New Line Prods. Inc. v. Does 1-9***, No. 05cv1876, 2005 WL 4163625 (D. Colo. Dec. 6, 2005) (good cause for expedited discovery existed to obtain identifying information from ISPs in copyright infringement

dockets.Justia.com

action); **see, e.g.**, *Asahi Glass Co., Ltd. v. Toledo Eng'g Co., Inc.*, 262 F. Supp. 2d 845 (N.D. Ohio 2003) (allowing expedited discovery to determine whether defendant had particular proprietary information), vacated in part on other grounds by 2005 WL 646076 (N.D. Ohio Mar. 21, 2005); *Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 651 (D. Minn. 2002) (good cause shown for expedited discovery to preserve computer data, even before all defendants had entered an appearance).  The plaintiffs need the requested information to proceed further, and the court cannot discern any undue prejudice that will accrue to defendants from the discovery proposed.  Accordingly, the court will grant the motion in the interest of justice.

**IT IS ORDERED:**

1. The plaintiff's *Ex Parte* Motion for Leave to Conduct Immediate Discovery (Filing No. 4) is granted.

2. The "meet and confer" requirement of Fed R. Civ. P. 26(f) shall be suspended until the "Doe" Defendants are identified.

3. The plaintiffs are authorized to serve subpoenas pursuant to Fed. R. Civ. P. 45 on XO Communications, Inc., Yahoo!, Inc., and those other web hosts, script hosts, domain registrars, e-mail service providers, payment processors, financial institutions, affiliate program operators, and ISP's which were utilized in the defendants' phishing scam targeting FNBO for the limited purpose of (1) identifying and locating the Doe Defendants and (2) identifying what, if any, information the defendants obtained from FNBO customers. If the plaintiffs wish to pursue additional discovery, such as a deposition of technical personnel, the plaintiffs shall seek leave of the court.

DATED this 26th day of July, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge